UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT,<br>　　　　Plaintiff<br><br>v.<br><br>FOREMOST INSURANCE COMPANY,<br>DOUGLAS C. COLBY, JR.<br>　　　　Defendants | **Civil Action No:** _____ |

## PLAINTIFF'S COMPLAINT

### INTRODUCTION

The Plaintiff, U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT, ("US Bank"), brings this action against the Defendants, Foremost Insurance Company ("Foremost"), and Douglas C. Colby, Jr. ("Colby") concerning an actual controversy between the parties relative to their respective rights and obligations with regard to a claim made on a property insurance policy issued by Foremost, on which US Bank is a named loss payee.

### PARTIES

1. The Plaintiff, US Bank, is a duly organized national banking association under the laws of the United States of America, with its principal place of business located in Minneapolis, Minnesota, and is authorized to transact business in the State of New Hampshire.

2. Defendant, Foremost Insurance Company, is a corporation organized under the laws of Michigan, and having a principal place of business at 5600 Beech Tree Lane, Caledonia, Michigan.

3. Defendant Douglas C. Colby, Jr., is an individual last with a last known residence in Danbury, New Hampshire.

## JURISDICTION AND VENUE

4. This court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5. Venue is proper in the United States District Court for the District of New Hampshire pursuant to 28 U.S.C. § 1391 because Colby is a resident of this judicial district and a substantial part of the events or alleged omissions giving rise to this action occurred in this judicial district.

## FACTS

6. On or about November 30, 2006, as part of a mortgage loan (the "Loan") Colby executed a promissory note (the "Note") in favor of 1-800-East-West Mortgage Company in the amount of $208,000.00.

7. To secure the Note, Colby executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc., as nominee for 1-800-East-West Mortgage Company, which encumbered that certain property located at 88 High Street, Danbury, New Hampshire (the "Property").

8. At all relevant times, US Bank was the investor for the Loan.

9. As insurance for the Mortgage, Foremost issued a New Hampshire homeowners policy (Policy No. 0091068159), covering the Property.

10. The Policy contains a Mortgage Clause which requires that a loss payable under the coverage for Dwellings and Other Structures be paid to the Mortgagee if one is named in the policy.

11. Upon information and belief, Nationstar Mortgage, LLC ("Nationstar") was specifically listed as a loss payee in the Policy.[1]

12. Nationstar, as the named Mortgagee on the Declarations Page of the Policy, has a protected interest under the Policy up to the extent of the insurance coverage limits.

13. The Property suffered a fire loss on or about February 17, 2016.

14. The Policy was in effect on the date of the fire loss.

15. The structure at the Property was heavily damaged in the fire.

16. At the time of the fire, Colby was a debtor in an active Chapter 13 bankruptcy case, filed on October 6, 2015, with the United States Bankruptcy Court for the District of New Hampshire (the "BK Case").

17. Upon information and belief, subsequent to the date of the fire, Colby filed a claim under the Policy.

18. Upon the filing of the claim, Foremost contacted Colby's bankruptcy counsel, Christopher J. Seufert, Esq., seeking guidance of the distribution of proceeds.

19. Foremost claims it was directed to send the insurance proceeds to Attorney Seufert.

20. Upon information and belief, neither US Bank nor Nationstar was listed as a payee on the proceeds check from Foremost, despite provisions in the Policy to the contrary.

21. Less than thirty (30) days after receiving the funds from Foremost, Colby voluntarily dismissed the Bankruptcy Case.

22. Neither US Bank nor Nationstar received any proceeds for the fire loss damage to the structure at the Property.

23. Foremost has not made payment to its loss payee.

---

[1] As of the date of the fire, Nationstar was the mortgagee of record and was acting as servicer for US Bank. On November 17, 2016, Nationstar assigned the Mortgage to US Bank.

## CAUSES OF ACTION

### COUNT I – Breach of Contract Against Foremost

24. US Bank repeats and reavers the allegations contained in Paragraphs 1 through 23 of its Complaint, as if each were separately set forth and restated herein.

25. Despite demand by US Bank, Foremost has failed and refused to pay US Bank for the fire loss to the Property in accordance with the terms and conditions of the Policy.

26. Foremost's failure to make payment in accordance with the terms and conditions of the Policy constitutes a breach of contract.

27. As a result of the breach of contract, US Bank has sustained damages and continues to sustain damages.

**WHEREFORE**, US Bank respectfully requests that this Court enter Judgment on Count I in its favor and against Foremost Insurance Company in an amount sufficient to compensate Emigrant for its damages, plus attorneys' fees, costs and expenses.

### Count II – Breach of Third Party Beneficiary Contract

28. US Bank repeats and reavers the allegations contained in Paragraphs 1 through 27 of its Complaint, as if each were separately set forth and restated herein.

29. US Bank was an intended third-party beneficiary of the insurance contract between Foremost and Colby, insofar as that agreement provided that a loss payable under the Policy for dwellings and other structures at the Property shall be paid to the Mortgagee if one is named in the policy.

30. By failing to remit payment to US Bank in accordance with the terms and conditions of the Policy, Foremost breached its contract with Colby, thereby entitling US Bank, as the intended third-party beneficiary, to recover the damages that it has sustained.

31. As a result of such breach of contract, US Bank has and will continue to sustain damages.

**WHEREFORE**, US Bank respectfully requests that this Court enter Judgment on Count II in its favor and against Foremost Property Casualty Corp. in an amount sufficient to compensate US Bank for its damages, plus attorneys' fees, costs and expenses.

### Count III – Violation of NH RSA §§ 417:3 *et seq*.

32. US Bank repeats and reavers the allegations contained in Paragraphs 1 through 31 of its Complaint, as if each were separately set forth and restated herein.

33. Foremost is a property insurance provider in the State of New Hampshire subject to New Hampshire RSA §§ 417:3 *et seq.*

34. Foremost has, *inter alia*, failed to acknowledge and act reasonably promptly upon communications with respect to US Bank's claims arising under the Policy.

35. Foremost has, *inter alia*, refused to pay US Bank's claim under the Policy without conducting a reasonable investigation.

36. Foremost has, *inter alia*, failed to settle US Bank's claim promptly, where liability has become reasonably clear.

37. The subject fire occurred on or about February 17, 2016, yet Foremost has failed to pay any insurance proceeds to US Bank as loss payee on the Policy.

38. Foremost has engaged in unfair or deceptive acts or practices in the business of insurance in violation of New Hampshire RSA §§ 417:3 *et seq*.

39. As a result of Foremost' unfair or deceptive acts or practices, US Bank has sustained damages and continues to sustain damages.

**WHEREFORE**, US Bank respectfully requests that this Court enter Judgment on Count III in its favor and against Foremost Insurance Company in an amount sufficient to compensate US

Bank for its damages, and award punitive damages, plus attorneys' fees, costs and expenses in accordance with New Hampshire RSA §§ 417:3 *et seq*.

### Count IV – Declaratory Judgment

40. US Bank repeats and reavers the allegations contained in Paragraphs 1 through 39 of its Complaint, as if each were separately set forth and restated herein.

41. An actual case or controversy exists between the parties as to whether US Bank is entitled to payment by Foremost up to the amount of the coverage limits under the Policy for the fire loss to the Property.

42. Under 28 U.S.C. §2201, this Court has jurisdiction to construe the Policy and to declare the rights, status, and legal relations of the parties thereunder.

43. US Bank is entitled to a declaration that, as the named Mortgagee on the Declarations Page of the Policy, it has a protected interest under the Policy up to the extent of the insurance coverage limits.

44. US Bank is entitled to a declaration that its interests as a loss payee under the Policy are unaffected by any alleged misconduct of the insured, Colby, or by any coverage exclusion applicable to Colby.

45. US Bank is further entitled to a declaration that Foremost must remit to US Bank payment equal to the amount of the fire loss damage to the Property.

**WHEREFORE**, US Bank respectfully requests that this Court enter Judgment on Count IV in its favor and against Foremost Property Casualty Corp. declaring the rights, status and legal relations of the parties as set forth above.

### Count V – Breach of Contract Against Colby

46. US Bank repeats and reavers the allegations contained in Paragraphs 1 through 45 of its Complaint, as if each were separately set forth and restated herein.

47. Despite demand by US Bank, Colby has failed and refused to pay US Bank for the fire loss to the Property from the proceeds remitted to him, in accordance with the terms and conditions of the Mortgage.

48. Colby's failure to make payment in accordance with the terms and conditions of the Mortgage constitutes a breach of contract.

49. As a result of the breach of contract, US Bank has sustained damages and continues to sustain damages.

**WHEREFORE**, US Bank respectfully requests that this Court enter Judgment on Count V in its favor and against Colby in an amount sufficient to compensate US Bank for its damages, plus attorneys' fees, costs and expenses.

### Count VI – Conversion

50. US Bank repeats and reavers the allegations contained in Paragraphs 1 through 49 of its Complaint, as if each were separately set forth and restated herein.

51. Upon information and belief, Colby was delivered the insurance proceeds.

52. US Bank was entitled to the proceeds in accordance with the terms of the Mortgage.

53. Colby is liable for conversion of the funds.

**WHEREFORE**, US Bank respectfully requests that this Court enter Judgment on Count VI in its favor and against Colby in an amount sufficient to compensate US Bank for its damages, plus attorneys' fees, costs and expenses.

## Count VII – Unjust Enrichment

54. US Bank repeats and reavers the allegations contained in Paragraphs 1 through 53 of its Complaint, as if each were separately set forth and restated herein.

55. Upon information and belief, Colby was delivered the insurance proceeds.

56. US Bank was entitled to the proceeds in accordance with the terms of the Mortgage.

57. Colby is liable for conversion of the funds.

**WHEREFORE**, US Bank respectfully requests that this Court enter Judgment on Count VI in its favor and against Colby in an amount sufficient to compensate US Bank for its damages, plus attorneys' fees, costs and expenses.

                                       U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE RMAC TRUST, SERIES 2016-CTT
By its attorneys,

Dated: March 20, 2017        /s/Dean J. Wagner
                                       Jeffrey J. Hardiman, Esq. (18519)
                                       Dean J. Wagner, Esq. (19226)
                                       SHECHTMAN HALPERIN SAVAGE, LLP
                                       1080 Main Street
                                       Pawtucket, Rhode Island 02860
                                       (401) 272-1400 – Phone
                                       (401) 272-1403 – Fax
                                       jhardiman@shslawfirm.com
                                       dwagner@shslawfirm.com