```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

U.S. Bank, National
Association, Trustee

    v.                                Civil No. 17-cv-114-JD
                                        Opinion No. 2017 DNH 121

Foremost Insurance Company
and Douglas C. Colby, Jr.


## O R D E R

U.S. Bank, National Association ("U.S. Bank") as trustee for the RMAC Trust, Series 2016-CTT trust brings suit against Foremost Insurance Company ("Foremost") and Douglas C. Colby Jr., seeking to recover the proceeds paid under a homeowners insurance policy that Foremost issued Colby on his property. Foremost moves to dismiss the claims against it. U.S. Bank did not file an objection to Foremost's motion.

## Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) addresses whether the complaint states a claim on which relief may be granted. Lister v. Bank of Am., N.A., 790 F.3d 20, 23 (1st Cir. 2015). In reviewing the motion, the court "accept[s] as true all well-pled facts alleged in the complaint and draw[s] all reasonable inferences in the plaintiff's favor." Miller v. Town of Wenham, 833 F.3d 46, 51 (1st Cir. 2016) (internal quotation marks omitted). "A plaintiff's allegations

are sufficient to overcome a Rule 12(b)(6) motion if they contain 'enough facts to state a claim to relief that is plausible on its face.'" Yershov v. Gannett Satellite Info. Network, Inc., 820 F.3d 482, 485 (1st Cir. 2016) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 569 (2007)).

In support of its motion to dismiss, Foremost attached as an exhibit a copy of an insurance policy, which, it asserts, is the policy at issue in U.S. Bank's complaint. See Doc. no. 12-3. "On a motion to dismiss, a court ordinarily may only consider facts alleged in the complaint and exhibits attached thereto, or else convert the motion into one for summary judgment." Freeman v. Town of Hudson, 714 F.3d 29, 35-36 (1st Cir. 2013) (internal citation omitted). The court may consider some extrinsic documents under "certain narrow exceptions." Id. at 36 (internal quotations omitted). One such exception is for documents that are "central to [the plaintiff's] claim." Id. "When such documents contradict an allegation in the complaint, the document trumps the allegation." Nahass v. Harrison, 207 F. Supp. 3d 96, 100 (D. Mass. 2016) (citing Clorox Co. P.R. v. Proctor & Gamble Commercial Co., 228 F.3d 24, 32 (1st Cir. 2000)). Because the policy is central to U.S. Bank's claims and U.S. Bank does not dispute the exhibit's authenticity, the court will consider it here.

Background

In November of 2006, Colby obtained a loan secured by a mortgage on a property located in Danbury, New Hampshire ("the property"). Although the loan and mortgage were made in favor of other entities, U.S. Bank was the investor in the loan at all relevant times. U.S. Bank subsequently obtained the mortgage via assignment. During the events at issue, Nationstar Mortgage, LLC was the mortgagee of record and was servicing the loan on U.S. Bank's behalf.

After entering into the mortgage, Colby obtained a homeowners insurance policy ("the policy") from Foremost covering the property. In February of 2016, the property caught fire and suffered severe damage. Colby made a claim on the policy for the loss associated with that damage. At the time of the fire, Colby was a debtor in a Chapter 13 bankruptcy case. Because of his bankruptcy status, Foremost contacted Colby's bankruptcy counsel seeking guidance concerning the distribution of the proceeds under the policy. Colby's bankruptcy counsel told Foremost to send the insurance proceeds to him, and Foremost complied. Colby eventually received the insurance proceeds and, shortly thereafter, voluntarily dismissed the bankruptcy case. Neither U.S. Bank nor Nationstar received the policy proceeds for the fire damage on the property.

## Discussion

U.S. Bank brings claims for breach of contract, breach of third-party beneficiary contract, violation of RSA §§ 417:1, et seq., and a declaratory judgment against Foremost. Each of these claims is premised on U.S. Bank's contention that it was a loss payee under the policy and therefore entitled to the insurance proceeds that Foremost paid Colby.[1]

Foremost moves to dismiss, arguing that the policy does not contain a provision identifying U.S. Bank or Nationstar as a loss payee. In addition, Foremost argues that U.S. Bank's claims under RSA 417:1, et seq., must be dismissed because that statute does not provide a private right of action under the circumstances alleged.

## I.  Breach of Contract

U.S. Bank alleges that Foremost breached the terms of the policy by failing to pay the insurance proceeds to U.S. Bank or Nationstar. In support, U.S. Bank alleges that the policy contained a "Mortgage Clause which requires that a loss payable under the coverage for Dwellings and Other Structures be paid to

---

[1] "A loss payee is a 'person or entity named in an insurance policy ... to be paid if the insured property suffers a loss.'" Supermercados Econo, Inc. v. Integrand Assurance Co., 375 F.3d 1, 3 (1st Cir. 2004) (quoting Black's Law Dictionary 958 (7th ed. 1999)).

4

the Mortgagee if one is named in the policy."  Doc. no. 1 at
¶ 10.  U.S. Bank further alleges that "[u]pon information and
belief, Nationstar . . . was specifically listed as a loss
payee" on the declarations page of the policy.  Id. at ¶ 11-12.

"A breach of contract occurs when there is a failure
without legal excuse to perform any promise which forms the
whole or part of a contract." Audette v. Cummings, 165 N.H. 763,
767 (2013) (quoting Lassonde v. Stanton, 157 N.H. 582, 588
(2008) (quotation omitted)). Here, the policy does contain a
clause concerning mortgagees, as U.S. Bank alleges.  That clause
provides that "[a]n insured loss will be payable to the
mortgagees named on the Declarations Page, to the extent of
their interest and in their order of precedence.  All provisions
of this policy apply to these mortgagees."  Insurance Policy,
doc. no. 12-3 at 19 (emphasis added).  The policy's declarations
page does not list a mortgagee, and it does not mention
Nationstar or U.S. Bank.  Only Colby is listed as a named
insured.  As a result, neither U.S. Bank nor Nationstar were
listed as mortgagees or loss payees under the policy.
Accordingly, the policy does not provide for payment to U.S.
Bank or Nationstar.

Therefore, the breach of contract claim is dismissed.

II. Breach of Third-Party Beneficiary Contract

U.S. Bank alleges that it was an intended third-party beneficiary under the insurance contract because the "agreement provided that a loss payable under the [p]olicy for dwellings and other structures at the [p]roperty shall be paid to the [m]ortgagee if one is named in the policy." Doc. no. 1 at ¶ 29. "A third-party beneficiary relationship exists if: (1) the contract calls for a performance by the promisor, which will satisfy some obligation owed by the promisee to the third party; or (2) the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract." Brooks v. Trustees of Dartmouth Coll., 161 N.H. 685, 697 (2011). "A benefit to a third party is a 'motivating cause' of entering into a contract only where the promisee intends to give the beneficiary the benefit of the promised performance." Id. at 697-98 (internal quotation marks omitted).

As discussed above, the policy does not identify U.S. Bank or Nationstar as a mortgagee and does not provide for payment to either entity. U.S. Bank does not identify any other language in the agreement that would have given Foremost reason to know that it was an intended beneficiary of the policy. Therefore, U.S. Bank has failed to state a third-party beneficiary contract claim.

III. Violation of RSA 417:1, et seq.

U.S. Bank brings a claim against Foremost under RSA 417:1, et seq., which prohibits the use of unfair methods of competition and unfair and deceptive acts or practices in the business of insurance. RSA 417:3-4. Foremost contends that U.S. Bank's claims against it under RSA 417:1, et seq., must be dismissed because (1) U.S. Bank has failed to allege any actionable conduct under the statute and (2) U.S. Bank does not have a private right of action to bring a claim under the statute.

A. Private Right of Action

RSA 417:1, et seq., provides for private actions against suppliers of insurance, such as Foremost, "under limited and very specific circumstances." Ben's Auto Body, Inc. v. Teitelbaum, No. CIV. 08-CV-207-SM, 2008 WL 5244420, at *2 (D.N.H. Dec. 15, 2008).[2] RSA 417:19, the provision permitting such actions, provides that:

> When a supplier, in any action or proceeding brought by the insurance commissioner, has been found to be in violation of this chapter or has been ordered to cease and desist, and said finding or order has become final, any consumer claiming to be adversely affected by the act or practice giving rise to such finding or

---

[2] A supplier is "any individual, corporation, association, partnership, reciprocal exchange, inter-insurer, Lloyd's insurer, fraternal benefit society, and any other legal entity engaged in the business of insurance, including agents, brokers, and adjusters." RSA 417:18, III.

7

> order may bring suit against said supplier to recover any damages or loss suffered because of such action or practice.

RSA 417:19, I. Therefore, a finding by the insurance commissioner that a supplier has violated chapter 417 is a prerequisite to bringing a private action. Hunt v. Golden Rule Ins. Co., 638 F.3d 83, 87-88 (1st Cir. 2011); Lacaillade v. Loignon Champ-Carr, Inc., No. 10-cv-68-JD, 2010 WL 2902251 (D.N.H. July 22, 2010) ("Under chapter 417, a consumer may bring a private action against an insurer, but only after the insurance commissioner has determined that the practice in question violates the statute."). Absent such a finding, a private suit cannot proceed. Hunt, 638 F.3d at 88-89.

U.S. Bank does not allege that the New Hampshire insurance commissioner has made a finding that Foremost engaged in an act or practice in violation of RSA 417:1, et seq. Therefore, U.S. Bank cannot maintain its claim under the statute.[3]

---

[3] Foremost also contends that U.S. Bank is barred from bringing any action under RSA 417:1, et seq., because it is not a "consumer," as defined by statute. See RSA 417:18 (defining consumer); Teitelbaum, 2008 WL 5244420, at *2 (dismissing claim under RSA 417:1, et seq., because plaintiff was not a consumer under the statute). Because the court concludes that U.S. Bank has no private right of action under the act on different grounds, it need not decide whether U.S. Bank is a consumer under RSA 417:18.

B. <u>Actionable Conduct</u>

Because U.S. Bank has no private right of action to bring its claim under RSA 417:1, et seq., the court need not decide whether it has alleged conduct that is actionable under that statute.

IV. <u>Declaratory Judgment</u>

U.S. Bank alleges that it is entitled to a declaration that "it has a protected interest under the Policy" and that "its interests as a loss payee under the Policy are unaffected by any alleged misconduct of the insured." Doc. no. 1 at ¶¶ 43-44. U.S. Bank has not alleged facts to show that it has any interest under the policy. Accordingly, U.S. Bank has not stated a claim for declaratory relief.

<u>Conclusion</u>

For the foregoing reasons, Foremost's motion to dismiss (doc. no. 12) is granted. All claims against Foremost are dismissed.

SO ORDERED.

*/s/ Joseph A. DiClerico, Jr.*
Joseph A. DiClerico, Jr.
United States District Judge

June 14, 2017
cc: Joseph A. Farside, Jr., Esq.
    Dean J. Wagner, Esq.
    Douglas C. Colby, Jr., pro se